HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA RIVERKEEPER,

    Plaintiff,

    v.

WEYERHAEUSER NR COMPANY,

    Defendant.

Case No. 3:22-cv-05132-DGE

CONSENT DECREE

## I.  STIPULATIONS.

Weyerhaeuser NR Company ("Weyerhaeuser") owns and operates an industrial facility at or near 1999 Industrial Way, Longview, Washington 98632 (hereinafter the "Facility"), which is depicted on the figure attached hereto as Exhibit 1.

Weyerhaeuser discharges stormwater associated with industrial activity and process wastewater from the Facility under a permit issued by the Washington Department of Ecology ("Ecology") under National Pollutant Discharge Elimination System ("NPDES") Permit No. WA0991014 ("Permit").

Ecology issued Administrative Order No. 18227 on August 7, 2020 ("Ecology Order"), requiring Weyerhaeuser to take various actions related to Permit compliance, including, *inter alia*, prepare certain plans and submit certain documents to Ecology within provided deadlines. The Ecology Order also recognized that "[s]tormwater generated on" two sites adjacent to

CONSENT DECREE - 1
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Weyerhaeuser's Facility and owned and controlled by third-parties is "partially or wholly discharged through Weyerhaeuser's [stormwater] outfalls following treatment on Weyerhaeuser's property," and that industrial activities at those adjacent sites thus "have the potential to cause increased [five-day biochemical oxygen demand] and turbidity levels in the discharges from Weyerhaeuser's Outfalls 003B and 004B."

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated December 21, 2021, and filed a complaint on March 7, 2022, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Weyerhaeuser is in ongoing violation of certain terms and conditions of its Permit and the Ecology Order. Weyerhaeuser contends that Riverkeeper's claims are without merit, denies Riverkeeper's allegations of ongoing violations, and denies liability for all claims alleged by Riverkeeper in the notice of intent to sue letter and citizen suit.

Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees. Weyerhaeuser contends that Riverkeeper is not entitled to any relief whatsoever.

Solely for the purposes of this Consent Decree, Weyerhaeuser and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action. The Parties agree that this Consent Decree is fair, reasonable, equitable, does not violate the law or public policy, comes within the scope of the pleadings, and furthers the broad objectives upon which Riverkeeper based the complaint. *See Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990).

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue and complaint. By entering into this Consent Decree,

CONSENT DECREE - 2
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Weyerhaeuser does not admit and expressly denies liability for all claims alleged by Riverkeeper in the notice letter and citizen suit.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

| COLUMBIA RIVERKEEPER | WEYERHAEUSER NR COMPANY |
|---|---|
| By: s/ Lauren Goldberg<br>Lauren Goldberg, Legal & Program Director | By: s/ Kristen Sawin<br>Kristen Sawin, Vice President of Corporate and Government Affairs |
| KAMPMEIER & KNUTSEN, PLLC | K&L GATES, LLP |
| By: s/ Brian A. Knutsen<br>Brian A. Knutsen, WSBA No. 38806<br>Attorneys for Columbia Riverkeeper | By: s/ J. Timothy Hobbs<br>J. Timothy Hobbs, WSBA No. 42665<br>Attorneys for Weyerhaeuser NR Company |

## II.     ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies solely to Weyerhaeuser's operation and oversight of the Facility, which is subject to the Permit and the Ecology Order.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter, complaint, and all other claims known or

CONSENT DECREE - 3
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

unknown existing as of the date of entry of this Consent Decree, related to violations of the Permit and of the Ecology Order that could be asserted under the CWA against Weyerhaeuser, its officers, directors, employees, shareholder, consultants, contractors, or agents. These claims are released and dismissed with prejudice. In addition, the Parties acknowledge that Weyerhaeuser has until December 31, 2022 to implement the measures described in paragraph II.6.B of this Consent Decree below that are intended to reduce the likelihood of future exceedances of numeric effluent limits contained in Condition S1.B of the Permit, and that it is possible that exceedances of those limits may occur during this implementation period. Accordingly, Riverkeeper also covenants not to sue Weyerhaeuser for, and releases all claims related to, violations of numeric effluent limits contained in Condition S1.B of the Permit occurring from the date of entry of this Consent Decree through December 31, 2022 that could be asserted under the CWA against Weyerhaeuser, its officers, directors, employees, shareholder, consultants, contractors, or agents.

   5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations. By entering into this Consent Decree, Weyerhaeuser does not admit and expressly denies liability for all claims alleged by Riverkeeper in the notice letter and citizen suit.

   6. Weyerhaeuser agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

    A. Weyerhaeuser shall fully comply with the terms and conditions of the Permit and the Ecology Order for such time as Weyerhaeuser is covered by the Permit, except to the extent the Permit is invalidated by a competent tribunal. Nothing in this sub-paragraph affects Weyerhaeuser's ability to request that Ecology modify or terminate Permit coverage for the Facility as permitted under the terms and conditions of the Permit or as otherwise authorized by law, or affects Weyerhaeuser's ability to challenge any permit before a competent tribunal and obtain the benefit of any relief ordered by such tribunal. In the event Ecology issues a new or

CONSENT DECREE - 4
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

modified NPDES permit authorizing discharges of stormwater associated with industrial activity from the Facility, Weyerhaeuser's compliance with the new or modified NPDES permit shall be governed by that permit and the obligation in this sub-paragraph to fully comply with the terms and conditions of the Permit shall cease.

B. Weyerhaeuser shall implement each of the following measures by December 31, 2022, and provide written notice to Riverkeeper within thirty (30) days of complete implementation of such measures, to reduce the impacts from the Facility's discharges on the receiving waters:

i. Weyerhaeuser shall re-route the stormwater pipe at the Facility commonly referred to as "Pipe A" so that it discharges to the Nippon Dynawave Packing Company's ("Nippon") Wastewater Treatment Plant and no longer discharges to the CID Ditch No. 3 (which flows to the Columbia River). The Parties acknowledge that implementation of this measure may require and is thus contingent upon receiving any necessary approvals from Ecology and/or Nippon. Weyerhaeuser will undertake diligent efforts to secure such approvals so that implementation can be completed by December 31, 2022;

ii. Weyerhaeuser shall install aerators at the East [Stormwater] Pond at the Facility in an effort to reduce the biological oxygen demand of discharges;

iii. Weyerhaeuser shall install one or more flow meters upstream of the Outfall 004 weir at the Facility with monitoring probes in an effort to provide more timely data on stormwater discharges and thereby enable more prompt responsive actions;

iv. Weyerhaeuser shall install additional particulate screens at catch basins throughout the Facility based upon its evaluation of the potential for turbidity loading;

v. Weyerhaeuser shall install biochar sock filters at the east and the west inlet weirs to Outfall 004B and evaluate the addition of weir walls and/or media filtration in the vault structure for Outfall 004B;

CONSENT DECREE - 5
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

vi. Weyerhaeuser shall implement improved housekeeping measures by increasing the frequency for cleaning structures of woody debris that may be contributing to high biological oxygen demand and by increasing the frequency vacuum/sweeper trucks; and

vii. Weyerhaeuser shall implement revised procedures for management of residual wood at the Facility, which shall include the development of a formal policy to more actively manage wood and bark debris through improved procedures;

C. Subject to the time limitations in the following sentence, Weyerhaeuser shall make stipulated payments for each exceedance of a numeric effluent limit contained in Condition S1.B of the Permit to Seeding Justice for projects benefiting water quality of the Columbia River basin as described in Exhibit 2 to this Consent Decree. This requirement shall apply to such exceedances for discharges made from January 1, 2023 through either two years from the date this Consent Decree is entered by the Court or until Ecology issues a new or modified NPDES permit authorizing discharges of stormwater associated with industrial activity from the Facility, whichever occurs first. Weyerhaeuser shall make a payment of $2,500.00 for each exceedance of a daily maximum (or minimum) numeric effluent limit and $5,000.00 for each exceedance of a monthly average maximum effluent limit. For the avoidance of doubt, the payment for an exceedance of a monthly average maximum effluent limit shall be per each monthly average exceedance and not per day of each month for which the exceedance occurred. Such payments shall be made within thirty days of the last day of the month in which the exceedance(s) occurred by check payable and mailed to Seeding Justice, P.O. 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. Weyerhaeuser NR Company, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time. These stipulated payments shall constitute Riverkeeper's sole remedy for each exceedance of the Permit's numeric effluent limits that is subject to this paragraph II.6.C of the Consent Decree and Riverkeeper otherwise releases and covenants not to sue Weyerhaeuser for such exceedances of the numeric effluent limits. For the purpose of the payment deadline contained in this

CONSENT DECREE - 6
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

subparagraph, payment shall be considered to be made by Weyerhaeuser on the date the check is mailed to Seeding Justice as specified herein.

D. Upon entry of this Consent Decree by the Court and until termination of the provisions of this Consent Decree pursuant to paragraph II.10 below, Weyerhaeuser shall, no later than forty-five (45) days following each calendar quarter, send via e-mail to Riverkeeper copies of the following Permit-related documents that Weyerhaeuser has transmitted to, or received from, Ecology during the previous calendar quarter: discharge monitoring reports ("DMRs"), annual reports, engineering reports, and inspection reports. Riverkeeper shall provide Weyerhaeuser's counsel the recipient e-mail address for such Permit-related documents no later than fourteen (14) days after entry of this Consent Decree by the Court.

E. For purposes of settlement and in lieu of a penalty, Weyerhaeuser shall make a payment in the amount of $600,000.00 to Seeding Justice for projects that benefit water quality in the Columbia River Basin as described in Exhibit 2 to this Consent Decree. Such payment shall be made within ten (10) days of the entry of this Consent Decree by the Court by check payable and mailed to Seeding Justice, P.O. 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. Weyerhaeuser NR Company, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time. For the purpose of the payment deadline contained in this subparagraph, payment shall be considered to be made by Weyerhaeuser on the date the check is mailed to Seeding Justice as specified herein.

F. Within ten (10) days of entry of this Consent Decree by the Court, Weyerhaeuser shall pay Riverkeeper's attorney fees and costs in the amount of $119,625.00 in full and complete satisfaction of any claims Riverkeeper may have under the CWA for attorney fees and litigation costs and expenses. Such payment shall be made by check payable to "Kampmeier & Knutsen, PLLC" and mailed to Kampmeier & Knutsen, PLLC, 1300 S.E. Stark Street, Suite 202, Portland, Oregon 97214. Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed $119,625.00. For the purpose of the payment deadline contained in this subparagraph, payment shall be considered to

CONSENT DECREE - 7
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

be made by Weyerhaeuser on the date the check is mailed to Kampmeier & Knutsen, PLLC as specified herein.

7. A "force majeure" event is any event outside the reasonable control of Weyerhaeuser that prevents or causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Prevention or delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Weyerhaeuser timely notifies Riverkeeper of the event, the steps that Weyerhaeuser will take to perform the task and the projected time that will be needed to complete the task. Weyerhaeuser will notify Riverkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than ten (10) days after Weyerhaeuser becomes aware of the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event. If a force majeure event prevents the implementation of any of the tasks required by this Consent Decree, Weyerhaeuser and Riverkeeper will negotiate in good faith to agree to an alternative action with the same goal and effect of the task prevented by the force majeure event. The provisions of this paragraph II.7 of the Consent Decree do not apply to, or otherwise have any effect on, the requirement of paragraph II.6.C of this Consent Decree for Weyerhaeuser to make payments for certain exceedances of numeric effluent limits contained in Condition S1.B of the Permit. By way of example and not limitation, force majeure events include:

    A. Acts of God, war, insurrection, or civil disturbance;

    B. Earthquakes, landslides, fire, floods;

    C. Actions or inactions of third parties over which defendant has no control;

    D. Unusually adverse weather conditions;

    E. Restraint by court order or order of public authority;

    F. Strikes;

    G. Any permit or other approval sought by Weyerhaeuser by a government authority or another authorizing entity to implement any of the actions required by this Consent

CONSENT DECREE - 8
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Decree where such approval is not granted or is delayed, and where Weyerhaeuser has timely and in good faith sought the permit or approval;

    H. Litigation, arbitration, or mediation that causes delay; and

    I. COVID-19 related delays, including supply chain issues.

  8. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d).

  9. This agreement shall take effect upon entry of the Consent Decree by the Court.

  10. The provisions of this Consent Decree, except for Riverkeeper's releases of claims described in paragraphs II.4, II.6.C and II.6.F of this Consent Decree, shall terminate two years from the date this Consent Decree is entered by the Court or upon Weyerhaeuser's compliance with each the payment obligations contained in paragraphs II.6.C, II.6.E, and II.6.F of this Consent Decree, whichever occurs last.

  11. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other

CONSENT DECREE - 9
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

<u>For Riverkeeper:</u>

Columbia Riverkeeper
c/o Simone Anter
407 Portway Avenue, Suite 301
Hood River, Oregon 97031
simone@columbiariverkeeper.org

Kampmeier & Knutsen, PLLC
c/o Brian Knutsen
1300 SE Stark Street, Suite 202
Portland, OR 97214
brian@kampmeierknutsen.com

<u>For Weyerhaeuser:</u>

Weyerhaeuser NR Company
Attn: General Counsel
220 Occidental Ave South
Seattle, WA 98104
kristy.harlan@weyerhaeuser.com

K&L Gates LLP
c/o J. Timothy Hobbs
c/o Ankur K. Tohan
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
tim.hobbs@klgates.com
ankur.tohan@klgates.com

12. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court. Riverkeeper agrees to consider in good faith Weyerhaeuser's request for modification of the terms of this Consent Decree.

13. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

14. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

16. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent

CONSENT DECREE - 10
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 12th day of July 2022.

David G. Estudillo
United States District Judge

CONSENT DECREE - 11
No. 3:22-cv-05132-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515